KANSAS FLOUR MILL COMPANY *v.* L.. GORDON & COMPANY.

Opinion delivered January 29, 1923.

SALES—PLACE OF DELIVERY A JURY QUESTION WHEN.—In an action for
    an alleged breach of contract to accept a carload of flour and
    shorts when it arrived at destination, evidence of a letter and
    telegram made the issue as to whether the flour was ordered
    f. o. b. destination or f. o. b. mill a question for the jury.

Appeal from Conway Circuit Court; *J. T. Bullock,*
special judge; affirmed.

*C. A. Holland,* for appellant.

*Edward Gordon,* for appellee.

HUMPHREYS, J.    Appellant instituted suit against
appellee in the Conway Circuit Court to recover
$523.56 damages growing out of an alleged breach of
contract to accept a carload of flour and feed when it
arrived at Morrilton, Arkansas.    The issue joined by
the pleadings was whether the carload of flour and feed
was ordered f. o. b. Morrilton, Arkansas, or f. o. b. mill,
which was located at Kingman, Kansas, freight paid to
Morrilton.    The case was submitted to the jury upon
the theory that, if it was found from a preponderance
of the evidence that the order was f. o. b. Morrilton, Ark-
ansas, a verdict should be returned for appellee.    But
if the order was an f. o. b. mill order, freight paid to
Morrilton, a verdict should be returned for appellant.
The jury returned a verdict for appellee, and a judgment
was rendered dismissing appellant's complaint, from
which is this appeal.

Appellant's only contention for reversal of the judg-
ment is that the record contains no substantial evidence
in support of the verdict and judgment.    The testimony
presented by appellant consisted of telegrams, confir-
mation contract signed by appellant alone, and a number
of letters which subsequently passed between the par-
ties.    The first telegram was dated September 9, 1920,
signed by L. Gordon in the following words:    "We offer
three dollars 300 gray shorts balance in flour at last
quotation answer."    After the exchange of several tele-

grams the car was ordered by appellee and booked by appellant for prices fixed in telegrams. Immediately after booking the order appellant mailed appellee the confirmation of the contract, which contained the following clause relative to place of delivery: "Sale and delivery f. o. b. Morrilton, Arkansas. On basis freight rate in effect."

Appellant requested appellee to sign the confirmation contract and return one of the copies to it. Appellee did not sign or return the confirmation contract. The confirmation contract was dated September, 1920. Subsequently appellant shipped the carload of flour and shorts to appellee at Morrilton, Arkansas, with bill of lading attached, which did not arrive at Morrilton until October 5, 1920. In the meantime the price had gone down. Appellee refused to accept the car and pay the draft on the ground that it was billed f. o. b. Morrilton, and because the price had gone down, claiming that under the contract the title thereto remained in appellant until received by appellee at Morrilton, and that appellant must look to the carrier for damages on account of unreasonable delay in transportation; appellant claiming that under the contract the title to the flour and shorts passed to appellee after being billed to him at the place of shipment, and that he must look to the carrier for the decline in prices on account of the unreasonable delay in transportation. Appellant sent a man to Morrilton to resell the flour and shorts, who sold same to appellee at a loss of $523.56, it being understood that neither party thereby waived his rights under the original contract.

Mayo Gordon testified in behalf of appellee that the telegrams ordering the flour and shorts were based upon a letter antedating the telegrams, in which appellee requested appellant to quote prices on the flour and shorts f. o. b. Morrilton, Arkansas, and that the said letter had not been introduced by appellant; that he had made a number of inquiries and orders for appellee

from time to time, all of which were for prices delivered at Morrilton.

The letter referred to, when read in connection with the telegrams, made the place of delivery a question to be determined by the jury. The testimony referred to is substantial and sufficient to support the verdict and judgment.

No error appearing, the judgment is affirmed.